UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBAN ABDI,<br><br>                      Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                      Respondent. | Case No.: 26-cv-67-RSH-JLB<br><br>**ORDER DISMISSING PETITION** |

On January 6, 2026, petitioner Liban Abdi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. Petitioner seeks to collaterally attack a conviction he sustained in California Superior Court for a Vehicle Code infraction, for which the court imposed a 30-day suspension of his driver's license. *Id.* at 3. Petitioner states that following his conviction, he has sought and been denied review in both the California Court of Appeal and the California Supreme Court. *Id.*

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon the filing of a petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

//

Applying this standard, it appears plainly from the Petition that Petitioner is not entitled to habeas relief. Section 2254 provides that a district court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989). "In general, courts hold that the … revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). *See also Jones v. Grant*, 5 F. App'x 836, 838 (10th Cir. 2001) (holding that the "suspension or revocation of [plaintiff's] driver's license does not render [him] 'in custody' for the purposes of § 2254"); *Harts v. Indiana*, 732 F.2d 95, 96–97 (7th Cir. 1984) ("We recognize that, in our society, loss of driving privileges may entail hardship. However, suspension of driving privileges is not the sort of severe restraint on individual livery for which habeas corpus relief is reserved.") (cleaned up); *Westberry v. Keith*, 434 F.2d 623, 624–25 (5th Cir. 1970) ("We can find no decision by the Supreme Court nor by this circuit which would allow federal courts to take habeas corpus jurisdiction under § 2254 when the petitioner has applied for the writ after suffering a fine and the revocation of the right to drive on the state's highways."). Here, Petitioner's license was not revoked, but temporarily suspended; and in any event, the 30-day period of suspension has long passed. Petitioner is not "in custody" for purposes of seeking habeas relief, and the Court lacks jurisdiction to hear his Petition.

For the foregoing reasons, the Petition is **DISMISSED** without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 7, 2026

*Robert S. Huie*
―――――――――――――――
Hon. Robert S. Huie
United States District Judge